# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| RACHEL ESKEW, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   Case No. 1:22-cv-2141 |
| | ) |
| PHI-STONELAKE, LLC d/b/a | ) |
| STONE LAKE APARTMENTS, | ) |
| | ) |
|    Defendant. | ) |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and S.D. Ind. L.R. 81-1 and 81-2, Defendant, PHI-StoneLake, LLC d/b/a Stone Lake Apartments ("StoneLake"), by counsel, files this Notice of Removal of Cause No. 49D11-2110-CT-0333488 from the Marion County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division. In support of removal, StoneLake states the following:

1.    On October 5, 2021, Plaintiff, Rachel Eskew ("Eskew"), initiated this action against StoneLake in the Marion County Superior Court, Cause No. 49D11-2110-CT-0333488 (the "State Court Action"). Pursuant to S.D. Ind. L.R. 81-2, a true and accurate copy of the State Court Record is attached hereto as Exhibit A, and separately, a copy of the Operative Complaint is attached as Exhibit B.

### This Notice of Removal is Timely Filed

2.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) and Fed. R. Civ. P. 6 because it is filed within thirty (30) days "after the receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §

1446(b)(3). Specifically, StoneLake, through counsel, received responses to Stonelake's First Request for Production to Rachel Eskew, on October 5, 2022, that first identified the amount in controversy as exceeding $75,000.

3. Although this Notice of Removal is filed more than one year after the commencement of the action, this Notice is still timely filed pursuant to 28 U.S.C. § 1446(c)(1) because Plaintiff acted in bad faith in order to prevent StoneLake from removing the action.

4. Plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, constituting bad faith pursuant to 28 U.S.C. § 1446(c)(3)(B).

5. Specifically, Plaintiff deliberately delayed responding to StoneLake's First Set of Interrogatories and First Request for Production of Documents, until October 5, 2022—exactly one year after Plaintiff filed her Complaint and Summons.

6. StoneLake retained the undersigned defense counsel in April 2022 to defend against Plaintiff's claims.  StoneLake then filed its Answer on April 28, 2022, and shortly thereafter, on June 8, 2022, served Interrogatories and Requests for Production of Documents on Plaintiff.  In those discovery requests, StoneLake included questions that called for the production of information specifically relating to Plaintiff's alleged injuries and damages claims – including, for example, Interrogatory 13 (identify every medical expense incurred attributable to the alleged incident).[1]  Plaintiff's counsel thereafter asked StoneLake's counsel to agree to a 30 day extension of Plaintiff's deadline to respond to the written discovery – to and including August 8, 2022.  StoneLake's counsel agreed to that extension.  But that was the only extension ever requested by Plaintiff and/or agreed to by StoneLake.

---

[1] In addition to medical expenses, StoneLake's discovery requests also specifically inquired about lost wages, loss of future earnings, and all other out of pocket expenses or financial loss resulting from the incident to identify the amount in controversy and consider removal.

22506665.v2

7. StoneLake thereafter contacted Plaintiff's counsel repeatedly, at times multiple times per week, seeking production of the Plaintiff's discovery responses. Plaintiff's counsel was either non-responsive or claimed the responses were forthcoming and would be provided as soon as possible.

8. Most recently, on September 6, 2022, Ms. Kellie Clark, counsel for Plaintiff, informed StoneLake's counsel that the Plaintiff's responses were "being finalized currently[.]" But again, they were not produced. And it was only after StoneLake then threatened to file a motion to compel that Plaintiff finally produced the written responses on October 5, 2022. Plaintiff's discovery responses included an "Exhibit 1," wherein Plaintiff's damages were estimated as totaling "$374,617.10+". This was the first information that StoneLake was ever provided that quantified the amount in controversy in this matter.

9. Plaintiff's repeated and unexplained delays in responding to StoneLake's discovery requests despite StoneLake's persistent efforts to obtain Plaintiff's discovery responses and assurances that the responses would be forthcoming amounts to bad faith under the circumstances presented here. Had StoneLake received the Plaintiff's discovery responses in a timely manner, StoneLake would have filed this Notice of Removal within one year of the commencement of the action. StoneLake respectfully submits that this Notice of Removal is thus timely filed. *See* 28 U.S.C. § 1446(c)(3)(B).

**The Parties are Diverse**

10. Upon information and belief, Eskew is a citizen of the State of Indiana. *See e.g.*, Exhibit B ¶ 1.

22506665.v2

11. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), "the citizenship of an LLC is the citizenship of each of its members." *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007).

12. StoneLake is a limited liability company. StoneLake's only member is Preservation Housing, Inc.

13. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." *See* 28 U.S.C. § 1332(c)(1).

14. Preservation Housing, Inc. is a corporation incorporated in the State of Alabama and also has its principal place of business in the State of Alabama. Therefore, for diversity purposes, StoneLake is a citizen of the state of Alabama.

15. Based on Eskew's Indiana citizenship and StoneLake's Alabama citizenship, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a)(1).

## The Amount in Controversy

16. The State Court Action arose from an alleged fall on July 7, 2020, that reportedly occurred while Eskew was on the StoneLake apartment complex, as identified in the Complaint. Eskew seeks to recover damages for her alleged injuries and lost wages, among other things. *See* Exhibit B, ¶¶ 8-10.

17. The Complaint is silent as to the amount of damages sought by Eskew. *Id.*

18. On October 5, 2022, Eskew provided a document titled, "Rachel Eskew's Special Damages," in response to StoneLake's First Request for Production of Documents, which calculated Eskew's damages. The document states Eskew's special damages total $374,617.10+.

19.  The amount in controversy thus exceeds $75,000.00 exclusive of interest and costs.

**Remaining Considerations**

20.  This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Because the parties are citizens of different states, and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

21.  Venue in the Southern District of Indiana, Indianapolis Division is proper pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed State Court Action is pending. Further, a substantial portion of the alleged events giving rise to Eskew's claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

22.  StoneLake attaches hereto a Notice of Filing Notice of Removal to Federal Court as Exhibit C, which StoneLake will promptly serve on Eskew's and the Clerk of the Marion County Superior Court pursuant to 28 U.S.C. § 1446(d).

23.  StoneLake will promptly file a true and correct copy of this Notice of Removal with the Clerk of the Marion County Superior Court as provided by law.

24.  The removal of this action to the Southern District of Indiana does not waive StoneLake's ability to assert any defense in this action.

WHEREFORE, Defendant, PHI-StoneLake, LLC d/b/a Stone Lake Apartments, respectfully requests that this cause proceed in this Court as an action properly removed.

Respectfully Submitted,

*/s/ James M. Hinshaw*
James M. Hinshaw, #16744-49
Moncerrat Z. Alvarez, #36756-49
DENTONS BINGHAM GREENEBAUM LLP M.

          2700 Market Tower
          10 West Market Street
          Indianapolis, IN 46204
          Phone: 317.635.8900
          Facsimile: 317.236.9907
          james.hinshaw@dentons.com
          moncerrat.alvarez@dentons.com

          *Attorneys for Defendant, PHI-StoneLake*
          *d/b/a Stone Lake Apartments*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 3, 2022, a copy of the foregoing was served upon the following counsel of record by the Court's electronic filing system:

Kellie C. Clark
Rudy M. Longman
HENSLEY LEGAL GROUP, PC
8350 Sunlight Drive
Suite 300
Fishers, IN 46037

          *James M. Hinshaw*

22506665.v2