the court maintaining a particular record.

## Rachel Eskew v. PHI-Stonelake, LLC d/b/a Stone Lake Apartments

| | |
|---|---|
| Case Number | 49D11-2110-CT-033348 |
| Court | Marion Superior Court 11 |
| Type | CT - Civil Tort |
| Filed | 10/05/2021 |
| Status | 10/05/2021 , Pending  (active) |

## Parties to the Case

Defendant   PHI-Stonelake, LLC d/b/a Stone Lake Apartments

Address
c/o National Registered Agents, Inc.
334 North Senate Avenue
Indianapolis, IN 46204

Attorney
James M Hinshaw
*#1674449, Lead, Retained*

2700 Market Tower
10 W. Market Street
Indianapolis, IN 46204-2982
317-635-8900(W)

Attorney
Moncerrat Zamudio Alvarez
*#3675649, Retained*

Dentons Bingham Greenbaum LLP
2700 Market Tower
10 W Market St
Indianapolis, IN 46204
317-635-8900(W)

Plaintiff     Eskew, Rachel

<u>Attorney</u>
Kellie C Clark
*#3099929, Lead, Retained*

HENSLEY LEGAL GROUP,PC
8350 SUNLIGHT DRIVE
SUITE 300
FISHERS, IN 46037
317-472-3333(W)

<u>Attorney</u>
Rudy Micah Longman
*#3267329, Retained*

Hensley Legal Group, PC
8350 Sunlight Drive, Suite 300
Fishers, IN 46037
317-472-3333(W)

## Chronological Case Summary

| | | |
|---|---|---|
| 10/05/2021 | **Case Opened as a New Filing** | |
| 10/05/2021 | **Appearance Filed** | |
| | Appearance - Kellie Clark | |
| | For Party: | Eskew, Rachel |
| | File Stamp: | 10/05/2021 |
| 10/05/2021 | **Complaint/Equivalent Pleading Filed** | |
| | Complaint | |
| | Filed By: | Eskew, Rachel |
| | File Stamp: | 10/05/2021 |
| 10/05/2021 | **Subpoena/Summons Filed** | |
| | Summons | |
| | Filed By: | Eskew, Rachel |
| | File Stamp: | 10/05/2021 |
| 10/06/2021 | **Certificate of Issuance of Summons** | |
| | Certificate of Issuance of Summons | |
| | Filed By: | Eskew, Rachel |
| | File Stamp: | 10/06/2021 |
| 10/18/2021 | **Certified Mail Returned** | |
| | GREEN CARD SIGNED | |
| | Party Served: | PHI-Stonelake, LLC d/b/a Stone Lake Apartments |
| 04/28/2022 | **Appearance Filed** | |
| | Appearance for PHI-StoneLake, LLC d/b/a Stone Lake Apartments | |
| | For Party: | PHI-Stonelake, LLC d/b/a Stone Lake Apartments |
| | File Stamp: | 04/28/2022 |

| 04/28/2022 | **Answer Filed** |
| | Defendant's Answer to Complaint For Damages |
| | Filed By: | PHI-Stonelake, LLC d/b/a Stone Lake Apartments |
| | File Stamp: | 04/28/2022 |
| 08/12/2022 | **Appearance Filed** |
| | Appearance - Rudy Longman |
| | For Party: | Eskew, Rachel |
| | File Stamp: | 08/12/2022 |

## Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any
  balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding
  balances shown, please contact the Clerk's Office.

**Eskew, Rachel**

Plaintiff

**Balance Due** (as of 11/03/2022)

**0.00**

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 10/05/2021 | Transaction Assessment | 157.00 |
| 10/05/2021 | Electronic Payment | (157.00) |

| This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record. |
|---|

STATE OF INDIANA     )            IN THE MARION COUNTY SUPERIOR COURT
                     ) SS:
COUNTY OF MARION )                CAUSE NO:
                                  )
RACHEL ESKEW,                     )
                                  )
          Plaintiff,              )
                                  )
     vs.                          )
                                  )
PHI-STONELAKE, LLC d/b/a          )
STONE LAKE APARTMENTS,            )
                                  )
          Defendant.              )

## **APPEARANCE**

1.   Rachel Eskew
     Name of represented party

2.   Attorney information (as applicable for service of process):

     Name: Kellie C. Clark              Atty Number: 30999-29
     HENSLEY LEGAL GROUP, PC            Phone:   (317) 472-3333
     Address: 117 East Washington Street   FAX:    (317) 472-3340
     Suite 200                          Email: kclark@hensleylegal.com
     Indianapolis, IN  46204

3.   Case Type requested: CT

4.   Will accept FAX service: Yes ___ No  X

                                  Kellie C. Clark, #30999-29
                                  **Attorney for Plaintiff**

**HENSLEY LEGAL GROUP, PC**
117 E. Washington Street, Suite 200
Indianapolis, IN 46204
(317) 472-3333 Phone
(317) 472-3340 Facsimile
kclark@hensleylegal.com

| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| COUNTY OF MARION | ) SS: | |
| | ) | CAUSE NO: |
| RACHEL ESKEW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PHI-STONELAKE, LLC d/b/a | ) | |
| STONE LAKE APARTMENTS, | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT FOR DAMAGES**

COMES now the Plaintiff, Rachel Eskew ("Plaintiff"), by counsel, and for her Complaint for Damages against the Defendant, PHI-Stonelake, LLC d/b/a Stone Lake Apartments, alleges and asserts that:

1.      At all times mentioned herein, the Plaintiff, Rachel Eskew, was and is a resident of the City of Indianapolis, County of Marion, State of Indiana.

2.      At all times mentioned herein, the Defendant, PHI-Stonelake, LLC d/b/a Stone Lake Apartments, ("Defendant") was doing business in the State of Indiana and was maintaining a premise known as Stone Lake Apartments, and located at 4079 Creek Way, Apt. A, City of Indianapolis, County of Marion, State of Indiana.

3.      All of the acts and/or omissions of the Defendant, PHI-Stonelake, LLC d/b/a Stone Lake Apartments, herein alleged, were performed and/or omitted by and through the agents, servants, and/or employees of the Defendant while they were acting within the scope and course of their employment.

4.      On or about July 7, 2020, the Plaintiff, Rachel Eskew, was a guest and invitee of the Defendant at the above-referenced premises, when she was injured due to a large, hazardous portion of cement/rock, which caused her to fall.

5.      The Defendant was required to exercise reasonable and ordinary care under all circumstances and operation of its premises, including the above- referenced premises at which the Plaintiff was injured.

6.      The above-mentioned incident was directly and proximately caused by the carelessness and negligence of the Defendant, including, but not limited to, one or more of the following acts and/or omissions:

   a.      The Defendant carelessly and negligently failed to inspect and discover the dangerous condition existing at said location;

   b.      The Defendant carelessly and negligently failed to warn the Plaintiff of the dangerous condition existing at said location when the Defendant knew or should have known of the same;

   c.      The Defendant carelessly and negligently failed to provide premises reasonably safe under the existing conditions; and

   d.      The Defendant carelessly and negligently failed to correct the dangerous condition at said location when the Defendant knew or should have known of the existence of the same.

7.      As a direct and proximate result of the Defendant's carelessness and negligence, the Plaintiff sustained personal injuries, resulting in pain and suffering.

8.      As a result of her injuries and their effects, the Plaintiff, Rachel Eskew, has been required to engage the services of hospitals, physicians, and medical technicians for medical treatment, medication and x-rays, and has incurred, and may incur in the future, medical expenses for such treatment.

9.     As a result of her injuries, the Plaintiff, Rachel Eskew, has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

10.     As a result of her injuries and the treatment of said injuries, the Plaintiff, Rachel Eskew, has lost income, and may continue to lose income in the future, all caused by the negligence of the Defendant.

WHEREFORE, the Plaintiff, Rachel Eskew, prays for judgment against the Defendant, PHI-Stonelake, LLC d/b/a Stone Lake Apartments, in an amount commensurate with her injuries and damages, for the costs of this action, and for all other just and proper relief in the premises.

Respectfully Submitted,

Kellie C. Clark, #30999-29
Attorney for Plaintiff

**HENSLEY LEGAL GROUP, PC**
117 E. Washington Street, Suite 200
Indianapolis, IN 46204
(317) 472-3333 (Phone)
(317) 472-3340 (Facsimile)
kclark@hensleylegal.com

## REQUEST FOR TRIAL BY JURY

Comes now the Plaintiff, Rachel Eskew by counsel, and file herein her Request for Trial by Jury for the above-action.

Respectfully submitted,

_Kellie C. Clark_

Kellie C. Clark, #30999-29
Attorney for Plaintiff

**HENSLEY LEGAL GROUP, PC**
117 E. Washington Street, Suite 200
Indianapolis, IN 46204
(317) 472-3333 (Phone)
(317) 472-3340 (Facsimile)
kclark@hensleylegal.com

STATE OF INDIANA    )        IN THE MARION COUNTY SUPERIOR COURT
                    ) SS:
COUNTY OF MARION    )

RACHEL ESKEW,                    )
                                 )   CAUSE NO:
          Plaintiff,             )
                                 )
     vs.                         )
                                 )
PHI-STONELAKE, LLC d/b/a STONE   )
LAKE APARTMENTS,                 )
                                 )
          Defendant.             )

**TO DEFENDANT:**    PHI-Stonelake, LLC d/b/a Stone Lake Apartments
                     c/o National Registered Agents, Inc.
                     334 North Senate Avenue
                     Indianapolis, IN 46204

        You are hereby notified that you have been sued by the person named as
Plaintiff and in the Court indicated above.

        The nature of the suit against you is stated in the Complaint which is
attached to this Summons.  It also states the relief sought or the demand
made against you by the Plaintiff.

        An answer or other appropriate response in writing to the Complaint
must be filed either by you or your attorney within twenty (20) days,
commencing the day after you receive this Summons, (or twenty-three (23) days
if this Summons was received by mail), or a judgment by default may be
rendered against you for the relief demanded by Plaintiff.

        If you have a claim for relief against the Plaintiff arising from the
same transaction or occurrence, you must assert it in your answer.

DATED:  __10/5/2021__        _Myla A. Eldridge_(Seal)
                     CLERK, Marion County Superior Court

**(The following manner of service of summons is hereby designated)**

_____Registered or certified mail.

_____Service at place of employment, to wit:

_____Service on individual - (Personal or copy) at above address.

__X___Service on agent. (Specify)

_____Other Service. (Specify)

Kellie C. Clark, #30999-29
**Attorney for Plaintiff**
117 E Washington St, Suite 200
Indianapolis, IN. 46204
(317)472-3333

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____day of_____, 2021, I mailed a copy of the Complaint to the Defendant, PHI-Stonelake, LLC, by certified mail, requesting a return receipt, at the address furnished by the Plaintiff.

_____
Kellie C. Clark


Dated:_____       By: Kellie C. Clark


## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Defendant was accepted by the Defendant on the _____day of_____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint was not accepted on the _____day of_____, 20___.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint mailed to Defendant, _____was accepted by_____ on behalf of said Defendant on the _____day of_____, 20___.


_____
CLERK, Marion County Superior Court


By:_____
Deputy

STATE OF INDIANA     )          IN THE MARION COUNTY SUPERIOR COURT
                     ) SS:
COUNTY OF MARION )          CAUSE NO:  49D11-2110-CT-033348
                     )
RACHEL ESKEW,        )
                     )
          Plaintiff, )
     v.              )
                     )
PHI-STONELAKE, LLC d/b/a STONE )
LAKE APARTMENTS,     )
                     )
          Defendant. )

## CERTIFICATE OF ISSUANCE OF SUMMONS

I certify that on Wednesday, October 6, 2021 I mailed a copy of the summons and a copy of the complaint to the defendant, Stone Lake Apartments, 2913 E. Hanna Avenue, Indianapolis, IN 46227 by certified mail #7020-1810-0001-5909-2054, requesting a return receipt to the Marion County Clerk's office.

Kellie C. Clark, Attorney # 30999-29
Attorney for Plaintiff

**HENSLEY LEGAL GROUP, PC**
117 East Washington Street, Suite 200
Indianapolis, IN 46204
(317) 472-3333
kclark@hensleylegal.com

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

PHI-Stonelake, LLC d/b/a Stone Lake
Apartments
c/o National Registered Agents, Inc.
334 North Senate Avenue
Indianapolis, IN 46204

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 6521 0346 9387 51

2. Article Number *(Transfer from service label)*

020 1810 0001 5909 2054

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                        ☐ Addresse

B. Received by *(Printed Name)*   C. Date of Deliver

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

OCT 12 20

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restrict Delivery
☐ Signature Confirmation
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receip



USPS TRACKING #

9590 9402 6521 0346 9387 51

**United States
Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10



• Sender: Please print your name, address, and ZIP+4® in this box•

Marion County Clerk
200 E Washington Street
Indianapolis, IN 46203

49D11-2110-CT-033348

Filed: 4/28/2022 2:25 PM
Clerk
Marion County, Indiana

STATE OF INDIANA )            IN THE MARION COUNTY SUPERIOR COURT
                           ) SS:
COUNTY OF MARION )            CAUSE NO. 49D11-2110-CT-033348

RACHEL ESKEW, )
                        )
         Plaintiff, )
                        )
      v. )
                        )
PHI-STONELAKE, LLC d/b/a )
STONE LAKE APARTMENTS, )
                        )
         Defendant. )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:      Initiating ___   Responding  X   Intervening ___

1.    The undersigned attorney and attorneys listed on this form now appear in this case for the
following party member(s):

### PHI-STONELAKE, LLC d/b/a
### STONE LAKE APARTMENTS

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case
information as required by Trial Rule 3.1 and 77(B) is as follows:

Name:    James M. Hinshaw, #16744-49
             Moncerrat Z. Alvarez, #36756-49
             DENTONS BINGHAM GREENEBAUM LLP      Phone:   317-635-8900
             2700 Market Tower                          Fax:      317-236-9907
             10 W. Market Street                         Email:   james.hinshaw@dentons.com
             Indianapolis, IN 46204-4900                            moncerrat.alvarez@dentons.com

3.    There are other party members:  Yes __ No  X

4.    If first initiating party filing this case, the Clerk is requested to assign this case the following Case
Type under Administrative Rule 8(b)(3):  N/A

5.    I will accept service by FAX at the above noted number: Yes _ No  X

6.    This case involves support issues.  Yes _ No  X  (If yes, supply social security numbers for all family
members on continuation page.)

7.    There are related cases:  Yes __ No  X  (If yes, list on continuation page.)

8.    This form has been served on all other parties.  Yes X  No __

9.    Additional information required by state or local rule:  Not Applicable

Authority: Pursuant to Trial Rule 3.1(B), this form shall be filed upon the first appearance in the case.  In emergencies, the requested information shall be supplied when it becomes available.  Parties shall advise the court of a change in the information previously provided to the court.  This format is approved by the Division of State Court Administration.

Respectfully submitted,

*/s/ James M. Hinshaw*
James M. Hinshaw, #16744-49
Moncerrat Z. Alvarez, #36756-49

DENTONS BINGHAM GREENEBAUM LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204
Phone: 317.635.8900
Facsimile: 317.236.9907
james.hinshaw@dentons.com
moncerrat.alvarez@dentons.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of April, 2022, the foregoing was filed with the Clerk of the Marion County Superior Court via electronic filing utilizing the Indiana E-Filing System (IEFS).

Kellie C. Clark
HENSLEY LEGAL GROUP, PC
117 E. Washington Street, Suite 200
Indianapolis, IN 46204

*/s/ James M. Hinshaw*
James M. Hinshaw

STATE OF INDIANA       )        IN THE MARION COUNTY SUPERIOR COURT
                   ) SS:
COUNTY OF MARION     )        CAUSE NO. 49D11-2110-CT-033348

RACHEL ESKEW,         )
                   )
        Plaintiff,      )
                   )
     v.              )
                   )
PHI-STONELAKE, LLC d/b/a  )
STONE LAKE APARTMENTS,  )
                   )
        Defendant.    )

## <u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES</u>

Defendant PHI-Stonelake, LLC d/b/a Stone Lake Apartments ("Stone Lake"), by counsel, repeats the allegations of the Plaintiff's Complaint for Damages ("Complaint") and hereby submits Stone Lake's Answer and Affirmative Defenses to the Complaint.

1. At all times mentioned herein, the Plaintiff, Rachel Eskew, was and is a resident of the City of Indianapolis, County of Marion, State of Indiana.

**<u>ANSWER:</u>**

**Stone Lake is presently without sufficient information to admit or deny the allegations set forth in Paragraph 1 of the Complaint, and therefore denies them.**

2. At all times mentioned herein, the Defendant, PHI-Stonelake, LLC d/b/a Stone Lake Apartments, ("Defendant") was doing business in the State of Indiana and was maintaining a premise known as Stone Lake Apartments, and located at 4079 Creek Way, Apt. A, City of Indianapolis, County of Marion, State of Indiana.

**<u>ANSWER:</u>**

**Stone Lake admits it was doing business in Indianapolis in Marion County, Indiana, but denies the remaining allegations set forth in Paragraph 2 of the Complaint.**

3. All of the acts and/or omissions of the Defendant, PHI-Stonelake, LLC d/b/a Stone Lake Apartments, herein alleged, were performed and/or omitted by and through the agents, servants, and/or

employees of the Defendant while they were acting within the scope and course of their employment.

**ANSWER:**

**Stone Lake denies that any of the referenced acts and/or omissions were the result of any negligence or wrongdoing by Stone Lake. Stone Lake is presently without sufficient information to admit or deny the remaining allegations set forth in Paragraph 3 of the Complaint, and therefore denies them.**

4.   On or about July 7, 2020, the Plaintiff, Rachel Eskew, was a guest and invitee of the Defendant at the above-referenced premises, when she was injured due to a large, hazardous portion of cement/rock, which caused her to fall.

**ANSWER:**

**Stone Lake is presently without sufficient information to admit or deny the allegations set forth in Paragraph 4 of the Complaint, and therefore denies them.**

5. The Defendant was required to exercise reasonable and ordinary care under all circumstances and operation of its premises, including the above- referenced premises at which the Plaintiff was injured.

**ANSWER:**

**Stone Lake denies the allegations set forth in Paragraph 5 of the Complaint.**

6.   The above-mentioned incident was directly and proximately caused by the carelessness and negligence of the Defendant, including, but not limited to, one or more of the following acts and/or omissions:

a.    The Defendant carelessly and negligently failed to inspect and discover the dangerous condition existing at said location;

b.    The Defendant carelessly and negligently failed to warn the Plaintiff of the dangerous condition existing at said location when the Defendant knew or should have known of the same;

c.    The Defendant carelessly and negligently failed to provide premises reasonably safe under the existing conditions; and

d.    The Defendant carelessly and negligently failed to correct the dangerous condition at said location when the Defendant knew or should have known of the existence of the same.

**ANSWER:**

**Stone Lake denies the allegations set forth in Paragraph 6 of the Complaint and its subparts.**

7.   As a direct and proximate result of the Defendant's carelessness and negligence, the Plaintiff sustained personal injuries, resulting in pain and suffering.

**ANSWER:**

**Stone Lake denies the allegations set forth in Paragraph 7 of the Complaint.**

8.   As a result of her injuries and their effects, the Plaintiff, Rachel Eskew, has been required to engage the services of hospitals, physicians, and medical technicians for medical treatment, medication and x-rays, and has incurred, and may incur in the future, medical expenses for such treatment.

**ANSWER:**

**Stone Lake is presently without sufficient information to admit or deny the allegations set forth in Paragraph 8 of the Complaint, and therefore denies them.**

9.   As a result of her injuries, the Plaintiff, Rachel Eskew, has incurred reasonable medical expenses for medical care and treatment and may incur additional medical expenses in the future.

**ANSWER:**

**Stone Lake is presently without sufficient information to admit or deny the allegations set forth in Paragraph 9 of the Complaint, and therefore denies them.**

10.   As a result of her injuries and the treatment of said injuries, the Plaintiff, Rachel Eskew, has lost income, and may continue to lose income in the future, all caused by the negligence of the Defendant.

**ANSWER:**

**Stone Lake denies the allegations that Stone Lake was negligent. Stone Lake is presently without sufficient information to admit or deny the remaining allegations set forth in Paragraph 10 of the Complaint, and therefore denies them.**

WHEREFORE, Defendant prays that Plaintiff take nothing by way of her Complaint for

damages and for all other proper relief.

## STONE LAKE'S AFFIRMATIVE DEFENSES

PHI-Stonelake, LLC d/b/a Stone Lake Apartments ("Stone Lake"), for its affirmative and separate defenses to Plaintiff's Complaint, asserts the following:

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Stone Lake owed no duty to Plaintiff that would allow recovery of damages for the injuries, if any, alleged in Plaintiff's Complaint.

3.      Stone Lake did not breach duties, if any, owed to Plaintiff under the applicable law and thus is not liable to Plaintiff.

4.      Plaintiff's alleged injuries and/or damages, if any, were not caused by any act or omission of Stone Lake.

5.      The damages complained of by Plaintiff were or may have been the result of intervening actions of others and thus were not proximately caused by the actions or omissions of Stone Lake.

6.      Any allegedly dangerous condition was known or obvious to Plaintiff.

7.      Plaintiff assumed the risk of any allegedly dangerous condition.

8.      Plaintiff's own fault caused or contributed to the alleged injuries or damages sought in this action.  Any award of damages to Plaintiff, if any, should be diminished in proportion to the amount of fault attributable to her.  To the extent Plaintiff is more than fifty percent (50%) at fault, Plaintiff is not entitled to recover anything in this action.

9.      Plaintiff's alleged injuries or damages sought may have been caused by the fault of nonparties to this action, and fault should be allocated to any such nonparties, with any award of

damages to Plaintiff, if any, being diminished in proportion to the amount of fault attributable to such nonparties.

10.    In the event that Plaintiff receives any collateral source payments for the damages complained of in the Complaint, Stone Lake will be entitled to a set-off in the amount of any such collateral source payments against any judgment entered against it, as Plaintiff is precluded from receiving a double recovery with respect to Plaintiff's alleged injuries, damages, and losses.

11.    Plaintiff's claims may be barred by the Plaintiff's failure to join necessary and/or indispensable parties.

12.    Plaintiff failed to take reasonable action to mitigate her alleged damages, if any.

13.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, equitable estoppel, unclean hands, and/or laches.

14.    Discovery and investigation are incomplete and Stone Lake cannot be reasonably expected to presently know whether additional affirmative defenses may be applicable.  Stone Lake therefore reserves the right to add additional affirmative defenses as may be applicable and appropriate during the pendency of this action.


WHEREFORE, Stone Lake requests that Plaintiff take nothing by way of this action and that the Court enter judgment in Stone Lake's favor against the Plaintiff on all claims. Stone Lake further requests that costs be assessed against Plaintiff and that Stone Lake be awarded all other appropriate relief.


Respectfully submitted,

/s/ James M. Hinshaw
James M. Hinshaw, #16744-49
Moncerrat Z. Alvarez, #36756-49
DENTONS BINGHAM GREENEBAUM LLP
2700 Market Tower, 10 West Market Street
Indianapolis, IN  46204-4900

5

(317) 635-8900
(317) 236-9907 Fax
james.hinshaw@dentons.com
moncerrat.alvarez@dentons.com


*Counsel for Defendant,*
*PHI-Stonelake, LLC*
*d/b/a Stone Lake Apartments*


## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on the 28th day of April, 2022, the foregoing *Defendant's Answer to Plaintiff's Complaint for Damages* was filed with the Clerk of the Marion County Superior Court via electronic filing utilizing the Indiana E-Filing System (IEFS).

Kellie C. Clark
HENSLEY LEGAL GROUP, PC
117 E. Washington Street, Suite 200
Indianapolis, IN 46204


*/s/ James M. Hinshaw*
James M. Hinshaw

Filed: 8/12/2022 10:29 AM
Clerk
Marion County, Indiana

STATE OF INDIANA     )          IN THE MARION COUNTY SUPERIOR COURT
                     ) SS:
COUNTY OF MARION )              CAUSE NO:  49D11-2110-CT-033348
                                )
RACHEL ESKEW,                   )
                                )
            Plaintiff,          )
                                )
      vs.                       )
                                )
PHI-STONELAKE, LLC d/b/a        )
STONE LAKE APARTMENTS,          )
                                )
            Defendant.          )

---

## APPEARANCE

**Case Number:**

1.    Rachel Eskew
      Name of represented party

2.    Attorney information (as applicable for service of process):

      Name: Rudy Longman            Atty Number: 32673-29
      HENSLEY LEGAL GROUP, PC       Phone: (317) 472-3333
      Address: 8350 Sunlight Drive  FAX: (317) 472-3340
      Suite 300                     Email: rlongman@hirehensley.com
      Fishers, IN  46037

3.    Case Type requested: CT

4.    Will accept FAX service: Yes ___ No ___X___



_____
Rudy M. Longman, #32673-29
Attorney for Plaintiff